[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11169
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 20, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:03-cr-00281-JEC-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY KEITH YUKNAVICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 20, 2010)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Timothy Yuknavich appeals his 48-month sentence imposed upon the

revocation of his supervised release.  Yuknavich was on supervised release based

on his conviction for possessing child pornography under 18 U.S.C. §

2252(a)(2)(A), for which he was sentenced to 41 months in prison followed by 36 months of supervised release. Yuknavich contends that his new sentence is unreasonable because (1) the sentence was longer than necessary and (2) the district court focused too much on public safety considerations.

I.

Yuknavich admits that he is attracted to young boys—usually those between the ages of thirteen and sixteen—and that he has problems controlling his pedophilic urges. Yuknavich also has a history of acting on these urges. In 1975 he was sentenced to 60 months of probation for performing oral sex on a ten-year-old boy in a hotel closet. In 1995 he was caught, by his wife, aggressively making sexually provocative comments to a fifteen-year-old boy at a library. In 1998 he was caught with child pornography on his work computer and he was sentenced to 84 months of probation. In 2002, Yuknavich was again caught with child pornography, this time on his home computer. He pleaded guilty to five counts of receiving child pornography and in 2004 he was sentenced to 41 months in prison followed by 36 months of supervised release.

After serving his prison term, Yuknavich was placed on supervised release and began working at the Guitar Center in Atlanta, Georgia. The conditions of his supervised release required him to follow a sex offender compliance contract.

Yuknavich was charged with, and admitted to, the following violations: (1) he had access to a computer; (2) he watched "kid-themed" movies and shows; (3) he worked at a church;[1] and (4) he had a one-and-a-half year relationship with a twelve-year-old boy whom he met while working at the Guitar Center. Yuknavich continued that relationship—with a young boy he admitted to being attracted to—despite repeated demands from his probation officer and his employer to end it. Yuknavich ignored their demands and even went over to the boy's house and spent time alone with him, although there is no allegation that he molested the boy.

Because Yuknavich violated the terms of his supervised release, he was subject to a statutory maximum sentence of 24 months in prison for each of the five counts of his 2004 conviction, for a total of 120 months. His recommended guidelines range was 8 to 14 months imprisonment for violating the terms of his supervised release. See United States Sentencing Guidelines § 7B1.4(a). The government argued for a sentence of 24 months in prison for the first count, 24 months in prison for the second count, and 36 months of supervised release for each of the final three counts, all to be served consecutively. Yuknavich argued

---

[1]This was a violation of a Georgia law that prohibits sex offenders from being employed within 1,000 feet of a church. Ga. Code Ann. §§ 42-1-12, 15.

for a sentence of 24 months in prison for the first count and 36 months of supervised release for each of the final four counts, with the four supervised release counts to be served concurrently. The district court sentenced Yuknavich to 24 months in prison for the first count and 24 months in prison for the second count—for a total of 48 months in prison. The court also imposed an additional sentence of 36 months of supervised release for the final three counts.

The court explained, "I know the guideline range, but I think given your history of molestation you are still having those proclivities and I think [you are] really unable to control yourself." The court stated that although it does not always know whether a pedophile will recidivate, "there is no suspense with Mr. Yuknavich . . . . I believe when you get out you are going to try to do this again." The court was especially disturbed by the prohibited relationship that Yuknavich had with the young boy, considering Yuknavich's recidivist history, the fact that he was attracted to the boy, and his admission that he has fantasies about raping young boys. After discussing his criminal history, and his current supervised release violations, and the court's fear of his re-offending, and his positive attributes, and other issues such as his ailing father, the district court explained that the sentence imposed was warranted by the need to protect society from the danger that Yuknavich would commit further crimes. See 18 U.S.C. §

4

3553(a)(2)(C).

## II.

"We review the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). "We review the reasonableness of a sentence for abuse of discretion using a two-step process." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). First, we look at "whether the district court committed any significant procedural error," and second we look at "whether the sentence is substantively reasonable under the totality of the circumstances." Id. "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the [18 U.S.C. ] § 3553(a) factors." Id.

The factors to be considered under 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to protect the public, promote respect for the law, and provide an adequate deterrence; (3) the kinds of sentences available; and (4) the sentencing range established by the guidelines. 18 U.S.C. § 3553(a)(1)–(4). However, "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

III.

Yuknavich has failed to show that the sentence imposed by the district court was procedurally unreasonable. To determine if a sentence is procedurally unreasonable, we consider issues such as whether the district court improperly calculated the guidelines range, treated the guidelines as mandatory instead of advisory, failed to consider the appropriate statutory factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence it chose. See United States v. Gonzalez, 550 F.3d 1319, 1323 (11th Cir. 2008). Here, Yuknavich admits that he violated the conditions of his supervised release and does not allege that the district court relied on clearly erroneous facts. See United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) ("To the extent that the district court has found facts, we accept them unless they are clearly erroneous."). Additionally, the government and Yuknavich agree that, according to the guidelines, Yuknavich's actions constituted a Grade B violation.[2] Both parties also agree that for a Grade B violation, with Yuknavich's criminal history,

---

[2]Yuknavich and the government agree that Yuknavich's employment within 1,000 feet of a church constituted a Grade B violation, Ga. Code Ann. §§ 42-1-12, 15, while his other violations were the less serious Grade C. See U.S.S.G. § 7B1.1(a)(2)–(3). Thus, for the purposes of the guidelines, Yuknavich's actions were a Grade B violation because "the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b)

6

the guidelines recommend a prison sentence of 8 to 14 months.[3] The district court considered the guidelines range when it gave Yuknavich a sentence that is above that range but below the statutory maximum.

The district court also properly considered the 18 U.S.C. § 3553(a) factors and adequately explained its sentence. During the sentencing hearing, it discussed Yuknavich's long history as a pedophile, his high likelihood of recidivating, the need to incarcerate Yuknavich to protect the public, and the sentencing options available.

Yuknavich has also failed to show that his sentence is substantively unreasonable. "In reviewing the reasonableness of a sentence, we must, as the Supreme Court has instructed us, consider the totality of the facts and circumstances." Irey, 612 F.3d at 1189. We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

---

[3]Without explanation or support, Yuknavich states that the applicable guidelines range is 5 to 11 months. That statement contradicts Yuknavich's admission that he committed a Grade B violation and his admission that the guidelines range for a Grade B violation is 8 to 14 months. Further, to the extent that he is now arguing that his guidelines range should be 5 to 11 months, he waived that argument by failing to present it to the district court. See Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1215 n.8 (11th Cir. 2010).

sentences dictated by the facts of the case." Id. at 1190 (quotation marks omitted). "[A]lthough sentences outside the guidelines are not presumed to be unreasonable, we may take the extent of any variance into our calculus." Tome, 611 F.3d at 1378 (quotation marks and alterations omitted). "However, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. (quotation marks omitted). Yuknavich's argument for a 24-month sentence implicitly agrees that a sentence outside of the guidelines range is not unreasonable because the top of the guidelines range is 14 months.

The totality of the circumstances, including the 18 U.S.C. § 3553(a) factors, makes the upward variance reasonable because: Yuknavich has a long and repetitive history as a pedophile who acts on his attraction to young boys; he has not been deterred by his previous punishments; he showed disrespect for the law by committing four violations—that we know of—of his terms for supervised release; he had a one-and-a-half year relationship with an underage boy whom he was attracted to, even though his employer and his probation officer prohibited the relationship; and the district court found that the public needs to be protected from Yuknavich because "[he is] going to try to do this again."

Contrary to Yuknavich's contention, the district court did not consider only

the importance of protecting the public. Instead, it found that Yuknavich's history as a pedophile, his consistent disregard for the law, and his likelihood of recidivating made protecting the public the most important issue when imposing Yuknavich's sentence. See United States v. Shaw, 560 F.3d 130, 1239–40 (11th Cir. 2009). Given the totality of the circumstances, the sentence of a 48-month prison term followed by 36 months of supervised release was not unreasonable.

**AFFIRMED.**